UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>    Plaintiff,<br><br>    v.<br><br>NATALIE SABA, et al.,<br><br>    Defendants. | Case No. 17-cv-06587-SI<br><br>**ORDER**<br><br>Re: Dkt. Nos. 21, 22, 23, 26 |

A. <u>Scheduling On Dispositive Motions</u>

In the April 2, 2018 order of service, the court ordered service of process on eight defendants and directed defendants to file a motion for summary judgment or other dispositive motion no later than June 29, 2018. Docket No. 7 at 12. The court further directed plaintiff to file and serve his opposition no later than July 27, 2018, and directed defendants to file and serve their reply no later than August 10, 2018. *Id.* at 12-13.

Defendants have appeared in this action and are represented by two different attorneys: the four court reporters ("court reporter defendants") are represented by a private attorney, and the municipal entities and the two public defenders ("public defender defendants") are represented by Contra Costa County Counsel. On April 27, 2018, the court reporter defendants filed a motion to dismiss and the public defender defendants filed a motion to dismiss.

The court declines to change the previously-set deadline for plaintiff to oppose these dispositive motions: Plaintiff's oppositions to both motions to dismiss must be filed and served no later **July 27, 2018.** If plaintiff wants to file his oppositions to the motions earlier, he may do so in order to move the case forward. If plaintiff files his oppositions earlier than July 27, 2018, defendants' reply briefs must be filed and served no later than **fourteen days** after they receive

1 plaintiff's oppositions; otherwise, the reply deadline of August 10, 2018 remains in place. Plaintiff is cautioned that the court will not be inclined to grant any extension of plaintiff's deadline because the current briefing schedule gives him three months to prepare his opposition.

The court will set a briefing schedule for motions for summary judgment at a later date if this case proceeds past the motion to dismiss stage.

B. <u>Miscellaneous Motions And Requests From Plaintiff</u>

Plaintiff has filed a "motion to bypass claim process." The document is rather confusing as it appears to argue that he should be excused from failing to comply with a claims-presentation requirement but does not identify the claims in this action for which he failed to timely present a claim. The exhibits attached to the one-page motion do not eliminate the confusion. The exhibits include an "application to file late claim" that was denied, but the only injury mentioned on the application is plaintiff's arrest and incarceration on July 4, 2012. Docket No. 21 at 5. His arrest-related claims are being litigated in his other case (Case No. 16-cv-6607) and not in the present case. Another exhibit is an application for public health insurance, which has nothing to do with the present case. Another group of exhibits pertain to the calculation of plaintiff's time credits. Plaintiff's time credit issues do not appear to be relevant to the present action asserting claims against court reporters and public defenders for events that occurred in the criminal cases against him several years ago. If plaintiff believes that the state court or prison officials have miscalculated his time credits in violation of his constitutional rights, he may file a petition for writ of habeas corpus in the federal court. However, before a federal court will entertain such a petition, the petitioner must first exhaust state court remedies for each of his claims by presenting the claims to California's highest court to give that court a fair opportunity to rule on the merits of each of the claims. This civil rights action is not the appropriate place to assert claims regarding the calculation of time credits. Finally, if plaintiff wants to complain about conditions of confinement at his prison, he may file a new civil rights action. This action is limited to *only* those claims discussed in the order of service. For these reasons, the "motion to bypass claim process" is DENIED. Docket No. 21.

Plaintiff has filed a motion for extension of time, request for counsel and stay of proceedings. Docket No. 22. The exhibits attached to the motion are most of the same exhibits attached to the motion to bypass claim process discussed in the preceding paragraph. The exhibits do not support the request for an extension of an unidentified deadline, a stay, or appointment of counsel. As explained in the preceding paragraph, the exhibits appear to be irrelevant to this case. This case has been pending for more than a year and a half (as this 2017 case consists of claims severed from a case first filed on November 15, 2016), with little apparent progress toward resolution. The court does not want to unnecessarily stay this action and further delay its resolution. Plaintiff has until late July 2018 to file his oppositions to defendants' motions to dismiss that were filed in late April. He has plenty of time to prepare his opposition briefs if he acts diligently. The request for a stay and extension of an unidentified deadline are DENIED. Docket No. 22.

Plaintiff has moved for the appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. On the allegations of the complaint, the likelihood of success on the merits looks rather low and plaintiff has not shown a difficulty articulating his claims. The motion for appointment of counsel is DENIED. Docket No. 22.

Plaintiff has filed a motion for discovery and a request for defendants to provide records to him. Plaintiff's motion and request are DENIED. Docket Nos. 23, 25. It is the responsibility of the parties to conduct their own discovery. If plaintiff wants to attempt to obtain discovery, he must comply with the discovery rules in Federal Rules of Civil Procedure 26-37. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses

3

normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not be filed" with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. Plaintiff's discovery requests should not be filed with the court, and instead must be served on defendants by sending them to defense counsel.

Plaintiff has sent a letter to the court asking about the scheduling of a hearing. Docket No. 26. The court generally does not hold hearings in cases in which one of the litigants is incarcerated, such as plaintiff is. In these cases, the court reads the parties' written submissions -- usually the motion, opposition, and reply -- and decides the motion based on those written submissions. This is why it is extremely important for a litigant to be careful to present his case in a clear and coherent manner in his written submission, rather than to rush through his written submission and expect to explain things more clearly at an oral argument. On rare occasions, the court may decide that a motion or matter needs a hearing in a case in which a litigant is in custody. When that occurs, the court will issue an order setting the matter for a hearing and explaining why a hearing is necessary. Of course, if a trial becomes necessary, the incarcerated litigant can be

brought to the courthouse.

**IT IS SO ORDERED**.

Dated: June 6, 2018

_____
SUSAN ILLSTON
United States District Judge