UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>           Plaintiff,<br><br>    v.<br><br>NATALIE SABA, et al.,<br><br>           Defendants. | Case No. 17-cv-06587-SI<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 32, 42, 43, 49, 50 |

This matter is now before the court for consideration of several discovery matters.

First, plaintiff has filed a "motion to request leave (pursuant to Fed. Rules of Civ. Proc. 26(b)(1) and (2))." Docket No. 32. The motion is not entirely clear but appears to seek leave of court to conduct discovery. Attached to the motion is a letter from counsel for the court-reporter defendants stating that it was premature to request documents because the court had not yet scheduled a conference pursuant to Federal Rule of Civil Procedure 26. *See* Docket No. 32 at 4. Both parties erred in thinking the court needed to issue a further order so that discovery could commence. The court already had authorized the parties to engage in discovery in the order of service. That order, filed four months before plaintiff's motion was filed, stated: "Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery." Docket No. 7 at 13. Additionally, as a *pro se* prisoner action, this action is exempt from the initial disclosure and initial case management conference requirements of the local rules and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv); N. D. Cal. Local Rule 16-2 and 16-7. The order of services, with its scheduling provisions, is the case management order.

N. D. Cal. Local Rule 16-7. The "motion to request leave" is DENIED as unnecessary. Docket No. 32.

Second, plaintiff has filed a motion to compel the court-reporter defendants to produce documents and a motion to compel the public-defender defendants to produce documents. Plaintiff did not meet and confer with defense counsel to try to resolve the discovery problems before filing his motions.

A motion to compel a discovery response to a request for production of documents is appropriate when "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). As with other motions to compel, a motion to compel production of documents must include a certification that the movant has in good faith conferred or attempted to confer with the party who failed to produce documents in an effort to secure the information or materials without court action. Fed. R. Civ. P. 37(a)(1).

Plaintiff's motions to compel discovery responses from defendants are DENIED because plaintiff failed to make a good faith effort to meet and confer to attempt to resolve the discovery disputes before filing his motions to compel. Docket Nos. 42, 43. The court had explained the need to meet-and-confer in an order issued two months before plaintiff's motions to compel were filed. *See* Docket No. 27.

Plaintiff's request for an extension of the deadline to file reply briefs in support of his motions to compel is DENIED. Docket Nos. 49, 50. Plaintiff had more than a month to file his reply briefs, yet did not do so before asking for a 60-day extension of the deadline.

In their oppositions to the motions to compel, defendants request a stay of discovery, but provide no legal authority in support of their argument that discovery should be stayed pending the outcome of a motion to dismiss. Discovery stays are frequently imposed when a party files a motion to dismiss or for summary judgment raising a qualified immunity defense, but defendants have not

raised a qualified immunity defense in their motions to dismiss.  The court will not stay discovery under the circumstances.

      **IT IS SO ORDERED**.

Dated:  December 3, 2018

SUSAN ILLSTON
United States District Judge